1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

11

12

13

14

| BYRON WESLEY DAWSON, JR.,<br><br>                    Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>                    Defendant. | Case No. 2:16-cv-00854-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |
| --- | --- |

15

16

17

18

19

20

21

        Plaintiff has brought this matter for judicial review of defendant's denial of his

applications for disability insurance and supplemental security income (SSI) benefits. The parties

have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. §

636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below,

the Court finds that defendant's decision to deny benefits should be reversed, and that this matter

should be remanded for further administrative proceedings.

22

                    FACTUAL AND PROCEDURAL HISTORY

23

24

        On March 8, 2013, plaintiff filed an application for disability insurance benefits and

25

26

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil
Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the
defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect
this change.

ORDER - 1

another one for SSI benefits, alleging in both applications that he became disabled beginning June 30, 2011. Dkt. 9, Administrative Record (AR) 9. Both applications were denied on initial administrative review and on reconsideration. *Id.* At a hearing held before an Administrative Law Judge (ALJ), plaintiff appeared and testified, as did a lay witness and a vocational expert. AR 26-88.

In a written decision dated January 15, 2015, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 9-20. On April 8, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner, which plaintiff then appealed in a complaint with this Court on June 16, 2016. AR 1; Dkt. 1-3; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, or in the alternative for further administrative proceedings, arguing the ALJ erred:

(1)     in failing to find plaintiff's carpel tunnel syndrome is a severe impairment;

(2)     in evaluating the medical opinion evidence from Anselm Parlatore, M.D., Luci Carstens, Ph.D., Steven Haney, M.D., and Robert Fink, M.D.;

(2)     in assessing plaintiff's residual functional capacity (RFC); and

(3)     in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating the medical opinion evidence from Drs. Parlatore and Carstens, and thus in  assessing plaintiff's RFC and in finding he could perform other jobs existing in significant numbers in the national economy. Also for the reasons set forth below, however, the Court finds remand for further administrative proceedings

ORDER - 2

1    rather than an outright award of benefits is warranted.

2                                   DISCUSSION

3           The Commissioner's determination that a claimant is not disabled must be upheld if the

4    "proper legal standards" have been applied, and the "substantial evidence in the record as a

5    whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986);

6    *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v.*

7    *Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial

8    evidence nevertheless will be set aside if the proper legal standards were not applied in weighing

9    the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of*

10   *Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such

11   relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

12   *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at

13   1193.

14          The Commissioner's findings will be upheld "if supported by inferences reasonably

15   drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to

16   determine whether the Commissioner's determination is "supported by more than a scintilla of

17   evidence, although less than a preponderance of the evidence is required." *Sorenson v.*

18   *Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one

19   rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th

20   Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome,"

21   the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v.*

22   *Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

ORDER - 3

I.     The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence

ORDER - 4

has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

A.    Dr. Parlatore

With respect to the opinion evidence from Dr. Parlatore the ALJ gave it "little weight," further explaining that:

> Dr. Parlatore concludes that the claimant could not complete a normal workday or workweek without interruptions from psychological symptoms. His opinion is inconsistent with the clinical findings in the medical record. Dr. Parlatore himself reports that the claimant is cognitively intact on examination, including his memory, concentration, pace, and persistence. He has average intellectual functioning.
>
> Dr. Parlatore also states that the claimant "cannot function" with peers, supervisors, or the public. The residual functional capacity takes into consideration that the claimant could not interact with his peers in a team or cooperative effort and that he could only occasionally interact with supervisors. The residual functional capacity further considers that the claimant could have no more than occasional incidental contact with the public. These are significant restrictions, but they are incorporated in the residual functional capacity as found.

ORDER - 5

AR 16 (internal citations omitted). Plaintiff argues and the Court agrees that the ALJ did not

adequately account for the limitations in social functioning Dr. Parlatore assessed. For example,

the ALJ's finding that plaintiff could cope with occasional interaction with supervisors, that he

could work in proximity to co-workers, but not in a team or cooperative effort, and that he could

have no more than occasional incidental contact with the public (AR 14), is at odds with Dr.

Parlatore's opinion that plaintiff "*cannot function* with peers, supervisors or the general public"

(AR 378 (emphasis added)). Nor does the ALJ's RFC assessment at all address the opinion of

Dr. Parlatore that plaintiff "cannot maintain appropriate behavior in a work setting *to a severe*

*degree*." *Id.* The ALJ thus erred here.

    B.    Dr. Carstens

        The ALJ also gave "little weight" to the opinion of Dr. Carstens, with respect to which

the ALJ specifically found:

> Dr. Carstens gave the claimant a low rating in numerous areas of
> psychological functioning, including his ability to adapt to changes in the
> workplace. Yet, she reports that the claimant has no or mild restrictions in his
> ability to understand, remember, and persist with short, simple tasks or even
> with detailed instructions and tasks. Unlike Dr. Parlatore's assessment, Dr.
> Carstens reports that the claimant has no restrictions or only mild limitation in
> his ability to perform activities within a schedule, maintain regular attendance,
> and be punctual within customary tolerances without special supervision. Dr.
> Carstens reports that the claimant could learn new tasks and could perform
> routine tasks without special supervision. He could make simple work-related
> decisions.

AR 17 (internal citation omitted). As plaintiff points out, in addition to the areas of limitation the

ALJ noted above, Dr. Carstens also found plaintiff was markedly limited in his ability to

communicate and perform effectively and maintain appropriate behavior in a work setting. AR.

391. As with the opinion of Dr. Parlatore, the ALJ's RFC assessment does not adequately

account for the severity of these limitations, and the ALJ did not give any reasonable explanation

ORDER - 6

for why she did not more fully account for them. As such, here too the ALJ erred in evaluating

the medical opinion evidence in the record.

II.    The ALJ's Assessment of Plaintiff's RFC

The Commissioner employs a five-step "sequential evaluation process" to determine

whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found

disabled or not disabled at any particular step thereof, the disability determination is made at that

step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at

step four of the process to determine whether he or she can do his or her past relevant work, and

at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-

8p, 1996 WL 374184, at *2. It is what the claimant "can still do despite his or her limitations."

*Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based

on all of the relevant evidence in the record. *Id.* However, an inability to work must result from

the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those

limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the following mental RFC:

**In order to meet ordinary employer expectations regarding attendance, production, and work place behavior, the claimant could understand, remember, and carry out unskilled, routine, and repetitive work. He could cope with occasional work setting change and occasional interaction with supervisors. The claimant could work in proximity to co-workers, but not in a team or cooperative effort. He could perform work that does not require interaction with the public as an essential element of the job, but occasional incidental contact with the public is not precluded.**

AR 14 (emphasis in the original). But because as discussed above the ALJ erred in failing to properly evaluate the medical opinion evidence from Dr. Parlatore and Carstens, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's limitations.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 19. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – also cannot be said to be supported by substantial evidence or free of error.

ORDER - 8

III.     Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues remain in regard to the medical opinion evidence, plaintiff's RFC, and his ability to perform other jobs existing in significant numbers in the national economy. Although plaintiff argues the record – including vocational expert testimony that employers would not tolerate outbursts of angry behavior (*see* Dkt. 11, p. 14 (citing AR 87)) – the overall medical and other evidence does not yet support that conclusion. Accordingly, remand for further consideration and resolution of the above issues is warranted.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined

ORDER - 9

plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 16th day of March, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10